UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY A. SNELL, | ) |
|            Plaintiff, | ) |
|            v. | ) No. 1:25-cv-00878-JPH-KMB |
| TRENT ALLEN PCF Warden, MIKE BRAUN Indiana Governor, INDOC, JOHN DOE Director of INDOC Classification, LISA HAMBLEN Centurion, JOHN NWANNUNA Acting Dr., Centurion, TODD ROKITA Attorney General of Indiana, | ) |
|            Defendants. | ) |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Timothy Snell is a prisoner currently incarcerated at Pendleton Correctional Facility ("Pendleton"). He filed this civil action alleging the water at Pendleton is contaminated with the legionella bacteria and that he became ill from it. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same

1

standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The Court accepts Mr. Snell's factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)).

The complaint names as defendants (1) Pendleton Warden Trent Allen; (2) Indiana Governor Mike Braun; (3) "John Doe," Director of Classification for the Indiana Department of Correction ("IDOC"); (4) Indiana Attorney General Todd Rokita; (5) Centurion Health employee Lisa Hamblen; and (6) Dr. John Nwannunu.[1]

---

[1] The Court takes judicial notice, based on other litigation involving Dr. Nwannunu, that this is the correct spelling of his name. *See, e.g.*, *Penninger v. Mershon et al.*, No. 1:23-

The complaint alleges that Warden Allen is aware that the drinking and shower water at Pendleton is contaminated with the legionella bacteria. The filters that are attached to the showerheads are inadequate to filter out the bacteria, and the pipes at Pendleton are old and covered with a "bio film" that continues to cause illness there. Dkt. 1 at 3. In August 2024, Mr. Snell became ill and had symptoms consistent with contracting legionella. Ms. Hamblen and Dr. Nwannunu ignored his requests for testing and treatment of his illness.

Mr. Snell alleges that Warden Allen, Ms. Hamblen, and Dr. Nwannunu have conspired with Governor Braun, Attorney General Rokita, and "John Doe" to "put a cap on the legionella civil suits through Cohen Malad trial lawyers and the Attorney Generals manipulating these proceedings . . . ." *Id.* at 5. Mr. Snell is referring to the hundreds of lawsuits that have been filed about legionella contamination at Pendleton; the "lead" suit for those cases is *Jackson et al. v. Holcomb et al.*, No. 1:21-cv-03120-JPH-KMB (S.D. Ind.). Mr. Snell also alleges that Governor Braun "has failed to take precautions and the necessary steps to prevent or stop the disease from lurking in the PCF water . . . ." *Id.* Mr. Snell also claims that "John Doe" assigned him to serve his sentence at Pendleton in retaliation for Mr. Snell specifically requesting not to go there and in disregard of the legionella contamination.

Mr. Snell is seeking damages and "transfer to another state DOC to prevent future retaliation from this civil action." *Id.* at 10.

---

cv-01291-JPH-MJD, dkt. 169. Also, the docket currently lists "INDOC" as a defendant, but it is not separately named as a defendant in the complaint.

3

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, under some circumstances, government "cover up" of misconduct that causes a plaintiff to be unable to seek redress for civil damages may violate the plaintiff's due process right of "judicial access." *See Harer v. Casey*, 962 F.3d 299, 307 (7th Cir. 2020). Such a claim requires a plaintiff to identify: "(1) a nonfrivolous, underlying claim; (2) the official acts frustrating the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a suit or settlement." *Id.* at 308. If a plaintiff cannot show that they have lost out on potential remedies because of the alleged cover up, a claim such as this is not ripe. *See id.* at 308. If a plaintiff files a case regarding the underlying claims, an access-to-courts claim related to the underlying claims necessarily is not ripe. *Id.* at 310. Here, Mr. Snell has managed to file his case regarding alleged legionella contamination at Pendleton, and it appears to be timely based on his allegations of becoming ill in August 2024. He may yet obtain damages for that claim. Therefore, any claims against Defendants regarding an alleged conspiracy to cover up legionella problems at Pendleton **are dismissed without prejudice** as unripe.[2]

Second, Mr. Snell's allegations against Governor Braun for his alleged failure to correct the legionella problem at Pendleton amount to allegations against the State of Indiana itself. States and their agencies are not "persons"

---

[2] The "conspiracy" claim was the only possible claim against Attorney General Rokita.

4

subject to suit pursuant to 42 U.S.C. § 1983 under the circumstances alleged in Mr. Snell's complaint. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66–70 (1989)). To the extent Mr. Snell wants to sue Governor Braun in his personal capacity, "individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Estate of Miller by Chassie v. Marberry*, 847 F. 3d 425, 428 (7th Cir. 2017); *see Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right."). Mr. Snell has not adequately alleged that Governor Braun can be held

personally responsible for the conditions at Pendleton. All claims against Governor Braun **are dismissed**.

Third, Mr. Snell has not adequately stated any claims against "John Doe." It is unclear what the constitutional basis of any such claim would be. There are insufficient allegations that "John Doe" took improper factors into consideration in making the decision to assign Mr. Snell to Pendleton, aside from vague speculation that it might have been in retaliation for specifically asking not to go there. An inmate's claim "that every ill befalling him must be retaliatory because everyone knows him to be litigious and a frequent correspondent with the grievance officer—falls short of stating a claim even under notice pleading." *Santiago v. Anderson*, 496 F. App'x 630, 633 (7th Cir. 2012); *see also Benson v. Cady*, 761 F.2d 335, 342 (7th Cir. 1985) (noting that "alleging merely the ultimate fact of retaliation is insufficient"). All claims against "John Doe" **are dismissed**.

Mr. Snell's complaint **shall proceed** against Warden Allen as an Eighth Amendment conditions of confinement claim. It also **shall proceed** against Ms. Hamblen and Dr. Nwannunu as Eighth Amendment deliberate indifference claims.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court,

6

he shall have **through November 21, 2025,** in which to file a motion to reconsider the screening order.

### IV. Conclusion and Service of Process

The following claims are proceeding in this action: Eighth Amendment conditions of confinement claims against Warden Allen and Eighth Amendment deliberate indifference claims against Ms. Hamblen and Dr. Nwannunu. All other claims have been dismissed.

The **clerk is directed** to terminate Mike Braun, Todd Rokita, "INDOC," and "John Doe" as defendants on the docket.

The **clerk is directed** to change the name on the docket of Dr. "Nwannuna" to "Nwannunu."

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Warden Allen, Ms. Hamblen, and Dr. Nwannunu in the manner specified by Rule 4(d). Process shall consist of the complaint filed on May 6, 2025, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Defendants Ms. Hamblen and Dr. Nwannunu are identified as employees of Centurion. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is **ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information shall be filed ex parte.

The **clerk is directed** to serve the Indiana Department of Correction and Centurion employees electronically.

Mr. Snell's motion for counsel, dkt. 11, will be ruled on by separate order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 10/28/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Electronic service to Indiana Department of Correction:
    Warden Trent Allen
    (At Pendleton Correctional Facility)

Electronic service to Centurion:
    Lisa Hamblen
    Dr. John Nwannunu

TIMOTHY A. SNELL
270072
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only