UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TIMOTHY A. SNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00878-JPH-KMB |
| | ) | |
| TRENT ALLEN PCF Warden, | ) | |
| LISA HAMBLEN Centurion, | ) | |
| JOHN NWANNUNU Acting Dr., | ) | |
| Centurion, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's Report and Recommendation that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) because of Plaintiff Timothy Snell's repeated failures to comply with the Court's orders and to participate in discovery with Defendants. Dkt. 52. Mr. Snell filed a response to the Report and Recommendation, which the Court liberally construes as an objection to it. Dkt. 53. For the reasons stated below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation.

### I.     Standard of Review

A magistrate judge may issue a Report and Recommendation on a dispositive matter. 28 U.S.C. § 636(b)(1)(B). Objections to such a Report and Recommendation must be filed within 14 days. 28 U.S.C. § 636(1). The magistrate judge's undisputed findings are reviewed for clear error, *Johnson v. Zema Syst. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); the contested findings are reviewed de novo. *Kanter v. C.I.R.*, 590 F.3d 410, 416 (7th Cir. 2009). "*De novo*

1

review requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 662 (7th Cir. 2013). "The district judge makes the ultimate decision to adopt, reject, or modify the magistrate judge's recommendation." *Left Field Media LLC v. City of Chicago*, 137 F.Supp.3d 1127, 1133 (N.D. Ill. 2015).

## II.    Analysis

A court may dismiss an action if a plaintiff fails to prosecute it. Fed. R. Civ. P. 41(b); *see also Next Millennium Telecom Co.*, 1112 F.4th 481 (7th Cir. 2024) (affirming district court's sua sponte dismissal of case with prejudice for failure to prosecute). Regardless of the source of authority, any sanctions imposed "must be proportionate to the circumstances." *Rice v. City of Chicago*, 333 F.3d at 780, 784 (7th Cir. 2003). Factors relevant to proportionality include "the extent of the misconduct, the ineffectiveness of lesser sanctions, the harm from the misconduct, and the weakness of the case." *Id.* Finally, a court may dismiss a case for failure to prosecute under Rule 41(b) only "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (cleaned up); *see also Ledford v. Waldo*, No. 23-2463, 2024 WL 1104785, at *2 (7th Cir. Mar. 14, 2024) (affirming dismissal of case filed by pro se plaintiff for failure to prosecute).

The Magistrate Judge recommended that this case be dismissed for failure to prosecute. After de novo review, the Court agrees with that recommendation.

2

This action commenced on May 5, 2025. Dkt. 1. The Court screened the complaint, and all Defendants filed an answer that asserted Mr. Snell had failed to exhaust administrative remedies before filing suit. The Court then issued a pretrial scheduling order to address that affirmative defense. Dkt. 34. According to the order, discovery related to exhaustion of remedies was to be completed by April 13, 2026. *Id.* at 1. However, counsel for Defendants Lisa Hamblen and John Nwannunu ("Medical Defendants") informed the Court that Mr. Snell habitually failed to respond to any legal mail or requests for discovery sent to him by counsel, both before and after the scheduling order was issued, beginning on November 25, 2025. *See* dkts. 21, 23, 35. After the third such notice from Medical Defendants' counsel, the Court scheduled a telephonic status conference to address these notices, to be held on April 30. Dkt. 36. Before the conference was held, counsel for Defendant Trent Allen filed a motion to extend the pending discovery deadline, because Mr. Snell was not responding to his discovery requests. Dkt. 38. The Court extended the discovery deadline to May 26. Dkt. 39. Counsel for Medical Defendants also filed a fourth notice of Mr. Snell refusing legal mail before the conference. Dkt. 41.

Mr. Snell did not appear at the April 30 conference, after prison staff contacted the Magistrate Judge's chambers to inform her that he was refusing to do so. Dkt. 42. During the conference, which was on the record, counsel for all Defendants confirmed that Mr. Snell was not communicating with counsel or providing discovery. *Id.* The Magistrate Judge thereafter issued an order to show

cause to Mr. Snell why he should not be sanctioned, "up to and including his case being dismissed for failure to prosecute." *Id.*

Mr. Snell filed two responses to the order to show cause. Dkts. 43, 44. In them, Mr. Snell asserted that he was "very very sick" on April 30 when the conference was held and that he was having problems accessing his legal paperwork while in solitary confinement. Dkt. 43. He also stated he has "been sick and going through mental and physical health issues," apologized for his conduct, and requested that the case not be dismissed. Dkt. 44.

On May 20, the Magistrate Judge discharged the show cause order. Dkt. 47. She reminded Mr. Snell "that he must participate in the litigation process, including by accepting legal mail from counsel and the Court and responding to discovery requests. The Court is unlikely to tolerate additional delay caused by Mr. Snell's failure to participate in the case." *Id.* She also sua sponte extended the discovery deadline to June 26 and further directed that defense counsel file a joint report to the Court on that date indicating whether Mr. Snell was responding to discovery requests and accepting legal mail. *Id.*

On June 17, counsel for Medical Defendants filed a fifth notice that Mr. Snell was continuing to refuse legal mail. Dkt. 48. On June 24, Defendants filed the requested joint status report, stating that Mr. Snell still was refusing legal mail and not responding to discovery requests. Dkt. 49. On July 2, counsel for Medical Defendants filed a motion to extend the deadline for filing a dispositive motion related to the exhaustion defense, again noting Mr. Snell's refusal to participate in discovery. Dkt. 50.

On July 6, the Magistrate Judge issued her Report and Recommendation that this case be dismissed without prejudice for failure to prosecute. Dkt. 52. On July 14, Mr. Snell filed his response, stating in an unsworn document that he was not receiving any legal mail except for court orders, that he was unable to do anything while in solitary confinement, and requesting that the case not be dismissed. Dkt. 53. On July 16, the Court received a sixth notice from counsel for Medical Defendants of Mr. Snell's refusal of legal mail. Dkt. 54. The envelope attached to the notice states, "RTS II refused to sign legal papers 7/9/26." Dkt. 54-1.

As detailed above, Mr. Snell has been given multiple opportunities to participate in this case and has not done so. Being in segregation and having mental and physical health concerns can impact a prisoner's ability to litigate a case. But many inmates in situations very similar to Mr. Snell's are able to carry out their obligations to prosecute a case that they have initiated. And the record here shows noncompliance beyond occasional difficulties litigating this case.

The Court has authority to "issue any just orders" against a party that fails to comply with the Court's orders. Fed. R. Civ. P. 16(f)(1)(A) & (C). That includes dismissal of the case. Fed. R. Civ. P. 16(f)(1) ("just orders" include "those authorized by Rule 37(b)(2)(A)(ii)-(vii)"); Fed. R. Civ. P. 37(b)(2)(A)(v) ("dismissing the action or proceeding in whole"). "[A] party cannot decide for itself when it feels like pressing its action and when it feels like taking a break because trial judges have a responsibility to litigants to keep their court calendars as current

as humanly possible." *GCIU Employer Retirement Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1198-99 (7th Cir. 1993) (cleaned up).

There is a clear record that Mr. Snell's actions and inactions have caused significant delay in the litigation of this case. For these reasons, after applying *de novo* review, the Court agrees with the Magistrate Judge that this matter is appropriate for dismissal for failure to prosecute under Rule 41(b).

### III.   Conclusion

The court **adopts** Magistrate Judge Barr's Report and Recommendation, dkt. [52], in whole. This action is **dismissed without prejudice** pursuant to Rule 41(b). The **clerk is directed** to enter final judgment consistent with this order.

**SO ORDERED.**

Date: 8/6/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

TIMOTHY A. SNELL
270072
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only